IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY RAY HOOK and
CHARLES MONTAÑO,

       Plaintiffs,

v.                                              NO. 05-CV-356 JH/WPL

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, d/b/a LOS ALAMOS
NATIONAL LABORATORY, RICHARD
MARQUEZ, JOHN BRETZKE, VERNON
BROWN, PATRICK REED, and WILLIAM
BARR,

       Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter is before me on Plaintiffs' Motion for Leave to File Amended Complaint [Doc. 20], Defendants' Response [Doc. 26], and Plaintiffs' Reply [Doc. 31]. Having considered the briefs, pleadings, and applicable law, I hereby grant Plaintiffs' motion.

LEGAL STANDARDS

After a responsive pleading is served, the plaintiff may amend the complaint only by leave of the court or by written consent of the opposing party. FED. R. CIV. P. 15(a); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989). Leave of court shall be freely granted when justice so requires. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Grant or denial of a motion to amend is within the discretion of the district court and outright denial of leave to amend without any justifying reason is an abuse of that discretion. *Foman*, 371 U.S. at 182. "Refusing

leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman*, 371 U.S. at 182).

**PLAINTIFFS' PROPOSED SECTION 1983 CLAIM IS NOT FUTILE**

Defendants contend that the proposed amended complaint is futile because it includes a 42 U.S.C. § 1983 claim against the Regents of the University of California.  [Doc. 26 at 1-2]  A court may properly deny a motion as futile when the proposed amended complaint would be subject to dismissal for any reason.  *E.SPIRE Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

Plaintiffs' proposed amended complaint does not contain a § 1983 claim against the Regents, despite Defendants' claims to the contrary.  [*See* Doc. 26 at 2]  Plaintiffs have added a claim against Bani Chatterjee, a former supervisor of Mr. Montaño.  [Doc. 20, Ex. A ¶ 48; Doc. 20 ¶ 2] Defendants accurately note that the Regents of the University of California is an arm of the state under the Eleventh Amendment.  *Mascheroni v. Bd. of Regents*, 28 F.3d 1554, 1559 (10th Cir. 1994), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), *as recognized in Boyler v. Cordant Techs., Inc.*, 316 F.3d 1137 (10th Cir. 2003).  Neither the state nor a governmental agency that is an arm of the state for Eleventh Amendment purposes is a "person" subject to liability under § 1983.  *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 51, 70-71 (1989)).  However, a state official in her individual capacity is a "person" under § 1983.  *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999).  Since the amended complaint seeks to add a proper

2

defendant under § 1983, the proposed § 1983 claim is not futile.

**THE PROPOSED AMENDED COMPLAINT DOES NOT VIOLATE RULE 8**

Defendants claim that the proposed amended complaint violates Rule 8 of the Federal Rules of Civil Procedure due to its length and argumentative language.[1]  [Doc. 26 at 3-6]  Rule 8 requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8; *Knox v. First Sec. Bank*, 196 F.2d 112, 117 (10th Cir. 1952). "The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."  *Id*.

In *Arena Land and Investment Co. v. Petty*, the Tenth Circuit affirmed the district court's dismissal of a third amended complaint because it violated Rules 8, 9, and 12.  69 F.3d 547, No. 94-4196, 1995 WL 645678, at *1 (10th Cir. Nov. 3, 1995) (unpublished table decision).  The court stated that the complaint, which was eighty-nine pages long, was "wordy, repetitive and fails to allege the necessary elements of the claims it is asserting."  *Id*.  Indicative of the insufficiency of the complaint was that it "ramble[d] on for sixty-four pages before reaching the first claim for relief." *Id*.  The court and appellees should not have to "sift through a lengthy, conclusory and poorly written complaint to piece together the causes of action."  *Id*. (citing *Glenn*, 868 F.2d at 371-72). The Tenth Circuit also noted that the district court based its dismissal on confusing grammatical and structural problems and legal conclusions unsupported by relevant facts.  *Arena*, 1995 WL 645678 at *1.  The court agreed with the district court that the complaint denied adequate notice as it was difficult to discern what the appellees had done to make them liable to the appellants.  *Id*.

Plaintiffs' proposed amended complaint does not violate Rule 8.  At forty-nine pages, it is

---

[1]Defendants did not file any objection to the original complaint, which was of similar length.

considerably shorter than the eighty-nine page amended complaint in *Arena*. *See id*.; [Doc. 20 Ex. A].  The proposed amended complaint, while lengthy, is written clearly and alleges in chronological order the elements of the asserted claims.  The proposed amended complaint gives Defendants adequate notice of the claims being brought against them.  Indicative of this fact is that based upon the original complaint, which is only one page shorter than the proposed amended complaint, Defendants have filed an answer [Doc. 2], the parties have successfully completed a provisional discovery plan [Doc. 8] and an initial pre-trial report [Doc. 14], and discovery has commenced [*see, e.g.*, Doc. 16, 17, 21].  The proposed amended complaint is not argumentative.  It contains relevant facts, is coherently written, and gives Defendants adequate notice of Plaintiffs' claims.

**THE PROPOSED AMENDED COMPLAINT DOES NOT VIOLATE RULE 10(b)**

Defendants also argue that the proposed amended complaint violates Rule 10(b) because it contains a footnote.  [Doc. 26 at 5-6]  "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."  FED. R. CIV. P. 10(b); *Barrett v. Talon*, 30 F.3d 1296, 1298 n.2 (10th Cir. 1994).  "The purpose of Rule 10(b) is to promote simplicity and clarity in pleading.  *See* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1324 at 736."  *Kjorlie v. Lundlin*, 765 F. Supp. 671, 673 (D. Kan. 1991).  "Because the motion to direct a party to paragraph a pleading properly often is employed only as a dilatory tactic, a district court should direct a pleader to paragraph only when the existing form of the pleading is prejudicial or renders the framing of an appropriate response extremely difficult or would be of assistance to the district judge."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1322 (3d ed. 2004).  "Fortunately, practice under this technical aspect of Rule 10(b) has not been the subject of

4

significant litigation, especially in recent decades." *Id*.

In *Kjorlie v. Lundlin*, the court rejected the defendant's claim that the action should be dismissed for failure to conform to the requirements of Rule 10(b).  765 F. Supp. at 673.  The court found it noteworthy that the defendants were not claiming that they had difficulty responding to the complaint but rather "appear[ed] to be merely pushing a technical point."  *Id*.  If the defendants in fact had real difficulty understanding the complaint due to its form, the court stated, there were remedies available other than a motion to dismiss.  *Id*.  Courts in other circuits have applied similar analyses.  *See, e.g.*, *Shaw v. Russell Trucking Line, Inc.*, 542 F. Supp. 776, 781 (W.D. Pa. 1982) (allowing portion of complaint not in the form of numbered paragraphs to stand despite "technical violation" of Rule 10(b) since it was clear enough to enable each defendant to formulate a response); *Merrin Jewelry Co. v. St. Paul Fire & Marine Ins. Co.*, 301 F. Supp. 479, 481 (S.D.N.Y. 1969) (pleadings should not be ordered amended unless they fail to give notice of the matter in controversy or "the form thereof is instinct with demonstrable prejudice" in order to "avoid[] unnecessary collateral and time-consuming exercises"); *Leon v. Hotel and Club Employee's Union Local 6*, 26 F.R.D. 158, 159 (S.D.N.Y. 1960) (complaint gives adequate notice of the claim despite plaintiff's failure to number paragraphs and this failure cannot be said to prejudice the defendant).

Plaintiffs' inclusion of a footnote in their complaint does not justify denying their motion to amend.  Even if there is a technical violation of Rule 10(b), Defendants have not shown that they do not comprehend or cannot provide a response to the complaint.  Rather, Defendants "appear to be merely pushing a technical point."  *Kjorlie*, 765 F. Supp. at 673.  Plaintiffs' placement of a footnote in the proposed amended complaint does not deny Defendants adequate notice and does not require denial of Plaintiffs' motion to amend.

### CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Complaint [Doc. 20] is

GRANTED.


_____
WILLIAM P. LYNCH
UNITED STATE MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.          6