IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TOMMY RAY HOOK and**
**CHARLES MONTANO,**

      **Plaintiffs,**

v.                                                                              **CIV. NO.   05-356 JH/WPL**

**THE REGENTS OF THE UNIVERSITY**
**OF CALIFORNIA, d/b/a LOS ALAMOS**
**NATIONAL LABORATORY, RICHARD**
**MARQUEZ, JOHN BRETZKE, VERNON**
**BROWN, PATRICK REED, and WILLIAM**
**BARR,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION FOR STAY**
**OF DISCOVERY AND EXTENDING DISCOVERY DEADLINES**

On June 5, 2005 Plaintiff Tommy Ray Hook was injured in an altercation at the Cheeks nightclub in Santa Fe. He is being treated for posttraumatic stress disorder, atrial fibrillation, and visual field defects attributable to stroke, and is currently unable to participate in a deposition. [Doc. 22, Exhibit C] Dr. Bouquin anticipates that Hook may be prepared to give his deposition in December of 2005. *Id.* Defendants the Regents of the University of California d/b/a Los Alamos National Laboratory and five individual University of California officials have filed a Motion requesting a stay of discovery until Hook is medically able to participate in a deposition. [Doc. 22] In addition, Plaintiffs have recently filed a motion requesting that the expert witness disclosure deadline be extended for sixty days to allow Hook to complete a neuropsychological examination before he meets with Plaintiffs' expert on psychological damages. [Doc 37]

Defendants have proffered a number of different reasons to justify a request for a stay of discovery, but have failed to make a "strong showing" that discovery should be stayed. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), and *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). First, Hook is not seeking to avoid giving his deposition entirely, Motion for Stay of Discovery, p. 4 [Doc. 22] but simply seeks to postpone giving his deposition until he has completed his recovery from the injuries he sustained in June. Second, Defendants have not satisfactorily explained why they need to take Hook's deposition before they can file a dispositive motion on their qualified immunity defense. *Id.*; Reply Brief, p. 3-4 [Doc. 35] A government official controls when he presents a motion for qualified immunity, and in order to avoid unnecessary discovery, the preferred practice is to move to dismiss the claim on the grounds of qualified immunity before discovery is ordered. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Third, Defendants argue that Hook's testimony will "dictate the direction and scope of Defendants' discovery." Motion for Stay of Discovery, p. 5 [Doc. 22] However, Plaintiffs' Complaint and Amended Complaint set out in lengthy, chronological detail Plaintiffs' claims, and the vast amount of material available to the parties from the investigation of Plaintiffs' whistleblower claims under the California Whistleblower Protection Act, which includes an eight hour interview of Hook, should be more than sufficient to allow Defendants to narrow and focus their remaining discovery.

However, no one anticipated at the Rule 16 Scheduling Conference that it would take Hook so long to recover from his injuries and be available for deposition, and this fact is reflected in the request by Plaintiffs that the expert witness disclosure deadline be extended by sixty days. Having

considered all of the circumstances, I will set the following deadlines[1] for this case:

| | |
|---|---|
| Termination of discovery | April 7, 2006 |
| Motions relating to discovery | April 27, 2005 |
| Plaintiffs' expert disclosure and reports | December 9, 2005 |
| Defendants' expert disclosure and reports | January 9, 2006 |
| Pretrial motions (other than discovery motions) | May 5, 2006 |
| Pretrial Order from Plaintiffs to Defendants | May 19, 2006 |
| Pretrial Order from Defendants to Court | June 9, 2006 |

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH

UNITED STATES MAGISTRATE JUDGE

---

[1] I tried to discuss these dates with the parties but they were unable to promptly schedule a telephone conference so we could do so.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.