IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMMY RAY HOOK and
CHARLES MONTAÑO,

       Plaintiffs,

v.                                                       NO. 05-CV-356 JH/WPL

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA, d/b/a LOS ALAMOS
NATIONAL LABORATORY, RICHARD
MARQUEZ, JOHN BRETZKE, VERNON
BROWN, PATRICK REED, WILLIAM
BARR and BANI CHATTERJEE,

       Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO CONTINUE STAY OF DISCOVERY**

      Defendants Richard Marquez, Patrick Reed, John Bretzke, Vernon Brown, William Barr and Bani Chatterjee (Defendants) have filed a motion for a continued stay of discovery pending Judge Herrera's ruling on their motions for summary judgment on qualified immunity grounds. (Doc. 100.) I have considered the briefs, pleadings, and applicable law, and hereby grant Defendants' motion to stay discovery.

      Although the Defendants raised a qualified immunity defense in their Answer to Plaintiffs' Complaint and Amended Complaint, they did not file a Rule 12(b)(6) motion to dismiss based on qualified immunity. Defendants desired to depose the plaintiffs before filing a motion for summary judgment on qualified immunity grounds, and when Tommy Ray Hook's medical condition prevented him from giving a deposition promptly, Defendants moved to stay discovery until his deposition could

be taken. I denied that request because Defendants did not satisfactorily explain why they needed to take plaintiffs' depositions before filing their motions for summary judgment on qualified immunity grounds (Doc. 44), and the parties pursued written discovery and took depositions of various parties and witnesses. In February of 2006 plaintiffs filed a motion to stay all discovery and vacate the trial setting pending a scheduled mediation on April 3, 2006. (Doc. 80.) Defendants did not oppose this request, and an order staying discovery was filed on February 15, 2006. (Doc. 83.)

The parties were not able to resolve their differences at the mediation. Plaintiffs wish to complete discovery "limited to the depositions of the four remaining individual Defendants--Marquez, Bretzke, Reed and Barr--along with some supplemental document discovery, including subpoenas for college transcripts of Ms. Chatterjee." (Doc. 104 at 6.) Alternatively, plaintiffs assert that they should at least be able to complete the discovery that was pending in February when the parties agreed to stay discovery. *Id.* at 13. Defendants believe that all discovery should be stayed until Judge Herrera rules upon their pending motions for summary judgment on qualified immunity grounds. (Doc. 100 at 2.)

Because qualified immunity is an immunity from suit, not merely a defense to liability, defendants who are entitled to qualified immunity should not have to endure the "burdens of broad-reaching discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald*, 457 U.S. at 817-18). This does not mean, however, that defendants who plead qualified immunity are exempt from all discovery. *Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989). They are exempt from discovery that is "avoidable or overly broad." *Id*. Discovery is avoidable or overly broad when the defendants are clearly entitled to qualified immunity or when it is "designed to flesh out the merits" of the plaintiff's claim. *Id*. But "[d]iscovery orders entered when the defendant's immunity

2

claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable nor overly broad." *Id.* at 282-83.

The plaintiffs must demonstrate how any proposed discovery is relevant to qualified immunity. *See Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). They have failed to meet this burden. First, while plaintiffs claim that their § 1983 claims for equitable relief against the Regents of the University of California are not subject to a qualified immunity defense, they have overlooked the fact that their Amended Complaint does not include such claims against the Regents. (Doc. 31 at 2: "II. There Is No §1983 Claim Against Defendant Regents. . . . [T]he § 1983 claim is being alleged against the individual defendants only.") Second, plaintiffs have failed to file a Rule 56(f) affidavit to demonstrate "*how* discovery will enable them to rebut a defendant's showing of objective reasonableness." *Lewis*, 903 F.2d at 758 (quoting *Jones v. City and County of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988)). Third, assuming that their Response may serve as a Rule 56(f) affidavit, plaintiffs' proposal to take depositions of the four remaining individual Defendants, along with supplemental document discovery, including subpoenas for college transcripts of Ms. Chatterjee, is not narrowly focused on the issue of qualified immunity.[1]

It is therefore ordered that Defendants' Motion to Continue Stay of Discovery Pending Ruling on Qualified Immunity Defenses is granted. Discovery is hereby stayed pending Judge Herrera's resolution of the qualified immunity motions. If Judge Herrera denies all or part of the pending

---

[1] Plaintiffs claim that the pending summary judgment motions are "intensely fact-bound in nature." (Doc. 104 at 10.) Judge Herrera may, of course, deny the motions if she finds that there are disputed issues of fact. Plaintiffs have simply not proposed discovery that is limited to the qualified immunity issue.

motions for summary judgment on qualified immunity grounds, I will set a new schedule for the completion of discovery.

*[signature: William P. Lynch]*

WILLIAM P. LYNCH
UNITED STATE MAGISTRATE JUDGE