## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TOMMY RAY HOOK and
CHARLES MONTANO,

                 **Plaintiffs,**

vs.                            **No. CIV. 05-356 JH/WPL**

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, ET AL.

                 **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is Defendants' *Motion for Judgment on the Pleadings* [Doc. No. 50]. The motion raises two primary issues: whether Plaintiffs' claim under the California Whistleblower Protection Act ("CWPA") should be dismissed for failure to exhaust administrative remedies, and whether Plaintiffs' failure to seek review of the University's administrative decision on their whistleblower claims bars Plaintiffs' claims under 42 U.S.C. § 1983. After reviewing the law, the pleadings, and the arguments of the parties, the Court concludes that the motion should be denied, but that Defendants should be granted leave to raise these issues again in a motion for summary judgment.

## LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) by applying essentially the same standard as on a motion to dismiss for failure to state a claim under Rule 12(b)(6)—that is, "accepting all well-pleaded allegations in the complaint as true, and construing them in the light most favorable to the plaintiff." *Estes v. Wyoming Dept. of*

*Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002). *Accord Ramirez v. Dept. of Corrections, Colorado*, 222 F.3d 1238, 1240 (10th Cir. 2000).   If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *Alexander v. Oklahoma*, 382 F.3d 1206, 1213 (10th Cir. 2004).

## DISCUSSION

### I.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants' first argument is that the CWPA is the "exclusive remedy" for Plaintiffs' whistleblower claims because it authorizes Defendant The Regents of the University of California ("the University") to investigate and resolve its own internal complaints of retaliation against whistleblowers, except where the University fails to timely investigate and act on such complaints. Further review of Defendants' briefs reveals that Defendants actually are arguing that Plaintiffs failed to exhaust their administrative remedies before filing this lawsuit.

The CWPA provides, in relevant part:

> In addition to all other penalties provided by law, any person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a university employee, including an officer or faculty member, or applicant for employment for having made a protected disclosure shall be liable in an action for damages brought against him or her by the injured party. . . . However, any action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the university officer identified pursuant to subdivision (a), and the university has failed to reach a decision regarding that complaint *within the time limits established for that purpose by the regents.*

Cal. Gov't Code Ann. § 8547.10(c) (emphasis added).

In *Palmer v. Regents of the University of Cal.*, 132 Cal. Rptr. 2d 567, 107 Cal. App. 4th 899

2

(Ct. App. 2003), an employee of the University sued for common law wrongful termination in violation of public policy (rather than a statutory claim under the CWPA) after she was retaliated against for reporting unlawful activity.  Though Palmer initially filed a grievance for several other claims, she never filed one asserting that she was a victim of retaliation.  *Id*. at 570.  The trial court granted the University's motion for summary judgment on the grounds that Palmer was required to pursue the internal grievance procedures before filing suit.  The Court of Appeals affirmed, relying in part upon Section 8547.10(c).  Observing that "pursuing the internal remedies described in the UCLA manual is an administrative prerequisite to filing a civil action for wrongful termination in violation of public policy against retaliation for reporting unlawful activity. . . Compliance with section 8547.10, subdivision (c), is jurisdictional,"  *id*. at 575, the court concluded that "the Legislature's decision to require University employees to exhaust internal grievance procedures as a prerequisite to filing a whistle blower suit pursuant to section 8547.10, subdivision (c), reinforces our conclusion that . . . the trial court properly granted the Regents' motion for summary judgment based on Palmer's failure to utilize the internal grievance procedures available to her."  *Id*. at 576.

Two years later, the California Supreme Court decided *Campbell v. Regents of the University of California*, 106 P.3d 976 (Cal. 2005).  In *Campbell*, a former University employee filed a whistleblower complaint alleging she was fired for reporting competitive bidding violations in violation of two California statutes, neither of which was the CWPA.  The court described Section 8547.10(c) of the CWPA as follows:

> [T]he employee may not proceed with a court action against the university unless that institution has failed to reach an administrative decision on the action within specified time limits.  In such a case, the employee may file a lawsuit for damages even though the administrative complaint is pending.  If, by contrast, the university has

> reached a decision on the administrative action, the statute does not
> authorize any statutory damages action.

*Id.* at 986.

In this case, the parties agree that Plaintiffs were required to comply with Section 8547.10(c) of the CWPA prior to filing their complaint in this case. However, they dispute whether Plaintiffs actually achieved that compliance, and whether Plaintiffs have properly pled the predicate facts demonstrating such compliance. A review of the original and amended complaints demonstrates that Plaintiffs have pled that they waited 120 days after filing their grievance before filing their complaint. Original Complaint at ¶ 104. In their response to the motion for judgment on the pleadings, Plaintiffs argue that 120 days is the "time limit established" by the University under its policies, and they have attached the University's whistleblower protection policy to their brief.[1] Plaintiffs contend that because their grievance was still pending without a decision from the University 120 days after its filing, their claims are properly before this Court. Defendants, in turn, argue that the University's policies permit it to obtain an extension of time for its investigation and decision, which it obtained in this case. Though Defendants do not aver as to the length of the extension the University allegedly obtained, nor do they state whether or not the University complied with the extended deadline, they contend that Plaintiffs filed this lawsuit prematurely. Based upon the pleadings alone, the Court cannot determine precisely what happened during the course of the administrative proceedings prior to the filing of Plaintiffs' complaint. Of particular importance on the issue are the length of the alleged extension, and whether the University complied with it in issuing its decision.

---

[1] For the reasons set forth *infra*, the Court declines to consider this exhibit at this time. To do so would convert the motion for judgment on the pleadings into a motion for summary judgment. Fed. R. Civ. P. 12(c).

The Court concludes that this issue is not properly before it on a motion for judgment on the pleadings, and because the Court lacks an adequate record on which to decide this issue. Defendants contend that the Court cannot hear Plaintiffs' claims because they have neither exhausted (nor properly pled that they have exhausted) the administrative procedures set forth by the University pursuant to the CWPA. However, that is not Plaintiffs' burden at the pleading stage. Failure to exhaust administrative remedies is considered an affirmative defense. *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997). As such, "the defendant bears the burden of pleading and proving it." *Id*. Once the defendant properly pleads and proves that the plaintiff failed to exhaust administrative remedies, the burden shifts back to the plaintiff to prove "facts supporting equitable avoidance of the result." *Id*.; s*ee also Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (observing that failure to exhaust administrative remedies is an affirmative defense, and the burden of pleading and proving non-exhaustion rests with the defendant); *Young v. National Ctr. for Health Servs. Research*, 828 F.2d 235, 238 (4th Cir. 1987) ("The defendant has the burden of proving the affirmative defense of failure to exhaust administrative remedies."). Contrary to the arguments advanced by the Defendants, because failure to exhaust administrative remedies is an affirmative defense, a plaintiff need not anticipate it in his complaint. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1236 (10th Cir. 1999) ("[I]t is not the burden of a plaintiff to anticipate, raise, and negate affirmative defenses for which the defendant clearly has the burden."); *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) (plaintiff does not have the burden of proving exhaustion). Rather, the exhaustion issue would be more properly raised by way of a motion for summary judgment so that all parties have the opportunity to fully address and brief the nature of the issues raised using the appropriate summary judgment standard, along with supporting evidence. Accordingly, this aspect of the motion is denied,

with leave granted to Defendants to refile the motion as one for summary judgment, provided that they are able to properly support such a motion in accordance with Rule 56 and Rule 11 of the Federal Rules of Civil Procedure.

## II.      ADMINISTRATIVE MANDAMUS AS A PREREQUISITE TO § 1983 CLAIMS

Defendants contend that the Court should dismiss Plaintiff's civil rights claims brought under 42 U.S.C. § 1983 because Plaintiffs failed to seek review of the University's administrative decision on their whistleblower claims through administrative mandamus.  Thus, argue Defendants, Plaintiffs are estopped from relitigating in this Court the issues originally raised by the Plaintiffs in the administrative proceeding.   Defendants contend that the rule requiring a plaintiff to seek administrative mandamus "is a form of res judicata, of giving collateral estoppel effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action."  Doc. No. 51 at pp. 4-5 (quoting *Briggs v. City of Rolling Hills Estates*, 47 Cal. Rptr. 2d 29, 33 (Ct. App. 1995)).   In response, Plaintiffs assert that the administrative proceedings under the University's policies were not adjudicatory in nature and did not require a hearing, and therefore are not reviewable or otherwise subject to the administrative mandamus rule.  Plaintiffs also contend that, in accordance with the Supreme Court's decision in *United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 422 (1966), the Defendants must show that (1) during the administrative proceeding, the University acted in a judicial capacity; (2) the University resolved disputed issues of fact properly before it; and (3) the parties, including Plaintiffs, had an adequate opportunity to litigate the issues. Plaintiffs argue that the procedures employed by the University did not satisfy these requirements, and therefore they had no obligation to seek administrative mandamus before filing their § 1983

claims in this Court.  Defendants then counter that they are entitled to judgment because Plaintiffs failed to plead those arguments in their complaint.

This second portion of Defendants' motion for judgment on the pleadings suffers from the same defect as the first.  Defendants are arguing that the University's administrative proceeding should be given preclusive effect—that is, that res judicata principles apply.  Like exhaustion of administrative remedies, however, res judicata is an affirmative defense.  *See, e.g., In re Franklin Sav. Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) ("[R]es judicata is not a jurisdictional bar; it is an affirmative defense . . . .") (quotation omitted); *Jones v. United States Dept. of Justice*, 2005 WL 1525118, 137 Fed. Appx. 165, 167 n.2 (10th Cir. 2005) ("Claim preclusion, a particular type of res judicata, is an affirmative defense . . .").  Therefore, the burden rests with Defendants to both plead and prove its essential elements; Plaintiffs have no obligation to anticipate that defense and to plead facts to negate it.

Furthermore, the very nature of the arguments on either side of this debate demonstrate that they cannot be resolved upon the pleadings.  The threshold inquiry for a court deciding whether to give preclusive effect to a state administrative adjudication is to determine whether it was conducted with safeguards adequate to satisfy the standard in *Utah Construction*, among other factors.  The Court may not presume such adequacy based upon the arguments of counsel.  Rather, that determination requires the presentation of materials outside the pleadings regarding the nature and scope of the underlying administrative proceeding.  That type of decision is a classic Rule 56 issue.  This conclusion is reinforced by the fact that the opinions cited by the parties all stem from appeals of a district court's decision on a Rule 56 motion for *summary judgment*, not a Rule 12 motion.  *See, e.g., Briggs v. City of Rolling Hills Estates*, 47 Cal. Rptr. 2d 29, 33 (Ct. App. 1995); *Miller v.*

*County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994); *Misischia v. Pirie*, 60 F.3d 626 (9th Cir. 1995);

*Plaine v. McCabe*, 797 F.2d 713 (9th Cir. 1986).  Therefore, the Court will deny Defendants' motion

for judgment on the pleadings, with leave granted to Defendants to refile the motion as one for

summary judgment, provided that they are able to properly support such a motion in accordance with

Rule 56 and Rule 11 of the Federal Rules of Civil Procedure.

      **IT IS THEREFORE ORDERED** that Defendants' *Motion for Judgment on the Pleadings*

[Doc. No. 50] is **DENIED**.


**UNITED STATES DISTRICT JUDGE**