IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOMMY RAY HOOK and
CHARLES MONTANO,

        Plaintiffs,

vs.                                    No. CIV. 05-356 JH/WPL

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA d/b/a LOS ALAMOS
NATIONAL LABORATORY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter comes before the Court on *Plaintiff Charles R. Montano's Motion to Alter Judgment* [Doc. No. 184]. After considering the briefs, the facts, and the arguments of counsel, the Court will deny the motion to alter judgment.

**DISCUSSION**

    In his motion to alter judgment pursuant to Rule 59(e), Montano asks that the Court reconsider its decision on the parties' cross motions regarding the University's counterclaim against Montano—a decision granting the University's motion for summary judgment on its counterclaim against him and denying Montano's motion for judgment on the pleadings on those counterclaims. *See* Doc. No. 181, filed March 6, 2007. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). A motion under Rule 59(e) is not an appropriate vehicle to rehash arguments previously made or to make new arguments that could have been advanced previously. *Id*. Here, Montano does not argue that there has been a change in the law or

that he has discovered new evidence. Further, Montano's arguments are essentially those that he made in the briefing of the two underlying cross motions. However, he contends that the Court's ruling was clearly erroneous and would result in manifest injustice because it is contrary to public policy. Montano's motion is based upon a misunderstanding of the Court's Memorandum Opinion and Order, however, and therefore his motion to reconsider will be denied.

For reasons more fully set forth in its March 6, 2007 Memorandum Opinion and Order, the Court rejects Montano's contention that it ignored certain portions of the Release and misread its language. In fact, the Court did consider the Release as a whole, as it was bound to do under New Mexico law. As explained in that earlier opinion, Montano filed an _original_ Complaint that unequivocally violated the Release because it specifically asserted claims based upon pre-Release conduct. That original Complaint contains extensive factual allegations regarding pre-Release events and then explicitly grounds Montano's legal claims on those pre-Release events by incorporating paragraphs containing those allegations into his legal claims. In his motion to reconsider, Montano entirely ignores the original Complaint and fails to explain how its filing does not breach the Release.

As explained in the March 6, 2007 Memorandum Opinion and Order, the Amended Complaint is virtually identical to the original Complaint, with the exception of a footnote that states that Montano does not seek damages for events occurring prior to the effective date of the Release which motivated Defendants' post-Release actions. Based upon the Amended Complaint, as well as the extensive discovery propounded by Montano regarding pre-Release events and the fact that he listed multiple witnesses in the Initial Pretrial Report whom he would call to testify about pre-Release events, the Court concluded that Montano sought to litigate pre-Release events and that his claims violate Paragraphs 8, 12 and 16 of the Release because the post-Release claims "relate to,"

"result from," and "arise from" the pre-Release claims.

Montano misreads the March 6, 2007 Memorandum Opinion and Order to say that the Release precludes him from bringing "any post-release claims," *see* Doc. No. 183 at p. 6, and therefore the Court's ruling is against public policy. That is not the case, as the Memorandum Opinion and Order expressly states the opposite—that the Release does not prohibit Montano from pursuing any and all post-Release claims that he might have against the University either now or in the future. Doc. No. 181 at p. 13. However, that is not the road that Montano chose to take in this litigation. This Court concluded that based upon the original and Amended Complaints that Montano filed in this particular case, along with the way he has litigated the case by seeking extensive discovery on pre-Release events, that he had violated the terms of the Release by bringing claims that "arise from," are "based on," and "relate to" pre-Release events. That is what the Release, by its express terms, bars him from doing. None of the case law cited by Montano for the first time in his motion to reconsider changes that analysis.

In short, after considering all of Montano's arguments, the Court concludes that its ruling is not clearly erroneous or contrary to public policy, and it does not result in manifest injustice. Accordingly, the motion to reconsider will be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff Charles R. Montano's Motion to Alter Judgment* [Doc. No. 184] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**