**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TOMMY RAY HOOK and**
**CHARLES MONTANO,**

              **Plaintiffs,**

**vs.**                                     **Civ. No. 05-356 JH/WPL**

**THE REGENTS OF THE UNIVERSITY**
**OF CALIFORNIA d/b/a LOS ALAMOS**
**NATIONAL LABORATORY, et al.,**

              **Defendants.**

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Defendant Patrick Reed's *Motion for Summary Judgment on California Whistleblower Protection Act Claims Against Patrick Reed* [Doc. No. 193]. After considering the briefs, the facts, and the arguments of counsel, the Court concludes that there are no genuine issues of material fact, and the motion should be granted.

## LEGAL STANDARD

       Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

       To carry its initial burden, the moving party need not negate the nonmoving party's claim.

*See Allen v. Muskogee, Okl.*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied sub nom. Smith v. Allen*, 522 U.S. 1148 (1998). "'Instead, the movant only bears the initial burden of 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. *See Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzcshe v. Albuquerque Mun. Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

## DISCUSSION

On March 29, 2007, this Court entered a Memorandum Opinion and Order granting two motions for summary judgment by Defendant Patrick Reed ("Reed") on Plaintiffs' claims against him for retaliation in violation of their First Amendment rights. In that opinion, the Court concluded that Reed was entitled to summary judgment because Plaintiffs had failed to come forward with admissible evidence to show that Reed had authority to make personnel decisions (retaliatory or not) within Los Alamos National Laboratory ("LANL"), or that he ever participated in any such

decisions.[1]

In his current motion, Reed moves for summary judgment on Plaintiffs' claims against him under the California Whistleblower Protection Act ("CWPA") in Count II of the Amended Complaint. The CWPA imposes penalties on "any person who intentionally engages in acts of ... retaliation ... against a state employee ... for having made a protected disclosure." Cal. Gov. Code § 8547.8(a). With regard to employees of the University of California[2], the CWPA provides:

> (a) A University of California employee, including an officer or faculty member, or applicant for employment may file a written complaint with his or her supervisor or manager . . . alleging actual or attempted acts of reprisal, retaliation, threats, coercion, or similar improper acts for having made a protected disclosure, together with a sworn statement that the contents of the written complaint are true, or are believed by the affiant to be true, under penalty of perjury. The complaint shall be filed within 12 months of the most recent act of reprisal complained about.

> (b) Any person who *intentionally engages* in acts of reprisal, retaliation, threats, coercion, or similar acts against a University of California employee, including an officer or faculty member, or applicant for employment for having made a protected disclosure, is subject to a fine not to exceed ten thousand dollars ($10,000) and imprisonment in the county jail for up to a period of one year. . . .

> (c) In addition to all other penalties provided by law, any person who *intentionally engages* in acts of reprisal, retaliation, threats, coercion, or similar acts against a university employee . . . shall be liable in an action for damages brought against him or her by the injured party. . . .

> (d) This section is not intended to prevent a manager or supervisor from taking, directing others to take, recommending, or approving any personnel action or from taking or failing to take a personnel action with respect to any university employee . . . if the manager or supervisor reasonably believes any action or inaction is justified on the basis of evidence separate and apart from the fact that the person has made a protected disclosure.

---

[1] Reed was also entitled to summary judgment on certain claims based upon the statute of limitations. However, Reed's current motion does not raise the issue of a statute of limitations defense to Plaintiffs' CWPA claims.

[2] There appears to be no dispute that during the relevant time period, Plaintiffs were employees of the University of California to whom the CWPA applies.

3

> (e) In any civil action or administrative proceeding, *once it has been demonstrated by a preponderance of the evidence that an activity protected by this article was a contributing factor in the alleged retaliation* against a former, current, or prospective employee, the burden of proof shall be on the supervisor, manager, or appointing power to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in protected disclosures or refused an illegal order. If the supervisor, manager, or appointing power fails to meet this burden of proof in an adverse action against the employee in any administrative review, challenge, or adjudication in which retaliation has been demonstrated to be a contributing factor, the employee shall have a complete affirmative defense in the adverse action.

Cal. Gov. Code § 8547.10 (emphasis added).

As the Amended Complaint demonstrates, Plaintiffs' CWPA claims are based upon the exact same factual allegations as their First Amendment retaliation claims. Reed contends that Plaintiffs' theory of liability against him is the same under the CWPA as it was under the First amendment—that he intentionally participated in adverse employment actions against Plaintiffs in retaliation for their whistleblowing activities. Thus, argues Reed, under "law of the case" principles, he is entitled to summary judgment on Plaintiffs' CWPA claims because this Court has already determined Plaintiffs have failed to show that Reed participated or had the power to authorize any alleged retaliatory adverse employment actions against them.

In their response to the motion, Plaintiffs argue that the law of the case doctrine does not apply because the Court's earlier ruling was on a constitutional claim for which Reed asserted qualified immunity, and that the CWPA imposes burdens of proof different than the burden shifting analysis applied to qualified immunity cases. Plaintiffs contend that because the CWPA requires that defendants meet a heightened burden—that is, to demonstrate by clear and convincing evidence that the alleged employment action would have occurred for legitimate, independent reasons even if the employee had not engaged in protected disclosures, *see* Cal. Gov. Code §

4

8547.10(e)—therefore genuine issues of material fact remain which preclude summary judgment. However, Plaintiffs ignore the fact that in order to survive summary judgment, the CWPA requires them to first meet their burden to bring forth admissible evidence showing that Reed intentionally engaged in an act of reprisal for their protected disclosures.  That is a question already addressed by this Court when it analyzed Plaintiffs' First Amendment claims.  Indeed, in its March 29, 2007 Memorandum Opinion and Order [Doc. No. 187], the Court scoured the record before it and concluded that Plaintiffs had failed to come forward with admissible evidence to support their claims that Reed participated in any retaliatory acts against them.  That remains the case, as Plaintiffs point to no evidence to alter that conclusion.  Therefore, the Court concludes that Reed is entitled to summary judgment on the CWPA claim as well.  Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Patrick Reed's *Motion for Summary Judgment on California Whistleblower Protection Act Claims Against Patrick Reed* [Doc. No. 193] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**