IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TOMMY RAY HOOK and**
**CHARLES MONTANO,**

        **Plaintiffs,**

vs.           No. CIV. 05-356 JH/WPL

**THE REGENTS OF THE UNIVERSITY**
**OF CALIFORNIA d/b/a LOS ALAMOS**
**NATIONAL LABORATORY, et al.,**

        **Defendants.**

## ORDER

On July 1, 2009, the Clerk of the Court entered his Clerk's Order Settling Costs [Doc. No. 25], in which he taxed costs against the Plaintiffs, Tommy Ray Hook and Charles Montano, in the amount of $1,552.83. The costs included a $250 filing fee and $1,302.83 for Charles Montano's deposition. Plaintiff Montano has filed a *Motion to Review and Stay Clerk's Order Settling Costs* [Doc. No. 253]. Plaintiff Tommy Ray Hook is now pro se and did not join in the motion.

## LEGAL STANDARD

Whether or not a prevailing party shall be awarded costs is "within the court's sound discretion." *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir. 1960). Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs. *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995). Thus the established rule is that costs are generally awarded to the prevailing party. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000); *Klein v. Grynberg*, 44 F.3d 1497, 1506-07 (10th Cir. 1995); *Serna v. Manzano*, 616 F.2d 1165, 1167-68 (10th Cir. 1980). The burden is on the non-prevailing

party to overcome this presumption. *Cantrell*, 69 F.3d at 459. When a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial. *Id.*

## DISCUSSION

It is undisputed that Defendants are prevailing parties entitled to recover costs, including the $250 filing fee they paid when they removed this case from state district court. However, the primary issue before the Court is whether Defendants are also entitled to recover costs for Montano's deposition. Local Rule 54.2(b) provides that a deposition transcript is taxable when the deposition is reasonably necessary to the litigation. Under the Local Rule, a deposition is reasonably necessary when, inter alia, it is used by the Court in ruling on a motion for summary judgment, or when the Court determines it to be so. Here, the Court concludes that Montano's deposition satisfies both criteria, and is therefore reasonably necessary to the litigation. As pointed out by counsel for both Montano and the Defendants, the Court reviewed Montano's deposition and cited it in its Memorandum Opinion and Order entered August 20, 2008 [Doc. No. 226]. Though the Court ultimately concluded that the deposition did not create a genuine issue of material fact, it did use the deposition to rule on the motion for summary judgment. In addition, independent of the fact that the Court used it in ruling on the summary judgment motion, the Court determines Montano's deposition to be reasonably necessary to the litigation under D.N.M. LR-Civ. 54.2(b)(2)(C). Montano was a plaintiff in this retaliation lawsuit who made allegations regarding the actions of numerous employees of the University of California over an extended period of time, and therefore as a practical matter the Defendants had little choice but to take his deposition. Thus, the deposition was reasonably necessary and is a recoverable cost.

The second issue before the Court is whether costs should be taxed against co-plaintiff Hook, and if not, whether Montano is responsible for the entire amount, or merely half. According

to Defendants, Hook has filed for bankruptcy. *See* Doc. No. 255 at 1 n.1. Thus, Defendants suggest that "to avoid any concern regarding the automatic stay," the cost award should be entered against Montano. In response, Montano replies that it would be unfair to shift the entire cost bill to him merely because his co-plaintiff is in bankruptcy. However, the Court notes that on August 21, 2009, after the parties filed their briefs on this issue, the United States Bankruptcy Court for the District of New Mexico issued a *Discharge of Debtor* and closed the bankruptcy case. *See In Re Tommy Ray Hook*, Case No. 7-09-11960 MA (Bankr. D.N.M. 2009). Thus, Hook's debts to that point, including the costs owed to the Defendants and assessed by the Clerk, have been discharged. Accordingly, the Defendants are entitled only to Montano's share of the costs, or $776.42.

The final issue before the Court is Montano's request that the Court stay its consideration of the bill of costs until after the Tenth Circuit has ruled on his appeal of the Court's entry of summary judgment in favor of the Defendants. However, the Tenth Circuit has stayed the briefing on the appeal. In light of that fact, the Court concludes that at present there is no reason to delay addressing the Clerk's order settling costs.

Thus, the Clerk's Order Settling Costs is proper and will be affirmed, though Montano is liable for only his half of the cost bill.

**IT IS THEREFORE ORDERED** that *Plaintiff Charles Montano's Motion to Review and Stay Clerk's Order Settling Costs* [Doc. No. 253] is **GRANTED IN PART AND DENIED IN PART**, and Plaintiff Charles Montano is **ORDERED** to pay Defendants $776.42 in costs.

_____
**UNITED STATES DISTRICT JUDGE**